UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM DUDA,<br><br>    *Plaintiff*,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC.,<br><br>    *Defendant*. | Civil Action No. 18-13930 (JMV)<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on an unopposed motion to dismiss for failure to prosecute by Defendant Rentokil North America, Inc. ("Rentokil"). Def. Br. 23.[1] The Court reviewed all submissions made in support and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, Defendant's motion is **GRANTED**

I.     **FACTS AND PROCEDURAL HISTORY**

The case concerns Defendant's alleged violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and the New Jersey Family Leave Act, N.J.S.A. 34:11B-1, *et seq*. Compl. at ¶ 1. Plaintiff William Duda filed his Complaint on September 17, 2018. D.E. 1. On November

---

[1] Defendant's brief in support of its motion to dismiss (D.E. 23-1) will be referred to as "Def. Br."; Defendant's counsel's certification in support of its motion (D.E. 23-2) will be referred to as "DiMaria Cert.".

26, 2018, Defendant filed an Answer.[2] D.E. 5. Magistrate Judge Dickson entered a Pretrial Scheduling Order as to discovery. D.E. 12. Defendant served Plaintiff with a variety of discovery requests on February 15, 2019. DiMaria Cert. at ¶ 3. Per Judge Dickson's order, discovery responses were due by March 18, 2019. D.E. 12.

According to Defendant's counsel, Plaintiff failed to timely respond to Defendant's requests, provide the requested executed HIPAA authorizations for his medical records, or execute authorizations for his employment records. DiMaria Cert. at ¶ 4. On April 2, 2019, Plaintiff's counsel informed Defendant that he would provide the information as soon as possible. *Id.* at ¶ 5. On April 12, 2019, after Defendant adjourned a scheduled deposition of Plaintiff due to a lack of discovery responses, Plaintiff's counsel explained that he was working with Plaintiff on the responses and would provide them when ready. *Id.* at ¶ 5. Judge Dickson then conducted a telephone status conference on April 18, 2019, during which Plaintiff's counsel indicated that he needed additional time for Plaintiff's discovery responses. *Id.* at ¶ 6. Defendant followed up with Plaintiff's counsel regarding the status of the discovery responses on April 30, 2019. *Id.* at ¶ 7. On May 28, 2019, Defendant again followed up with Plaintiff's counsel, who once indicated that he was still waiting for the responses from Plaintiff. *Id.* at ¶ 8. Defendant informed Plaintiff's counsel on June 6, 2019 that if Plaintiff's discovery responses and documents were not received by June 13, 2019, Defendant would seek court intervention. *Id.* at ¶ 9. On June 14, 2019, Defendant filed a letter with the Court, requesting either that the Complaint be dismissed for lack of prosecution or that Plaintiff be compelled to provide his outstanding discovery responses by June 21, 2019. D.E. 16.

---

[2] Plaintiff initially referred to the Defendant as J.C. Ehrlich. In its answer, Defendant responded with its correct name. The parties stipulated to this name change and amended the caption to its present form. D.E. 10.

On June 17, 2019, Plaintiff's counsel filed a motion to withdraw as counsel. D.E. 17. Counsel asserted that Plaintiff had been unresponsive to his multiple calls and emails and had failed to provide counsel with necessary documents. D.E. 17-2 at 1-2. Counsel had also sent Plaintiff a letter informing him that if Plaintiff did not send him the requested documents by June 12, 2019, he would assume Plaintiff no longer wanted to pursue the matter and would file a motion to withdraw as counsel and close the case. D.E. 17-3. On June 19, 2019, Judge Dickson ordered all parties and counsel to meet on July 2, 2019 to address the motion to withdraw. D.E. 18. On July 2, 2019, Judge Dickson held a hearing on the motion, which Plaintiff did not attend. DiMaria Cert at ¶¶ 16-17.

On July 8, 2019, Judge Dickson entered an order granting the motion to withdraw. D.E. 21. Judge Dickson allowed Plaintiff 30 days to obtain new counsel. *Id.* No attorney, however, has entered an appearance. Defendant the filed the current motion to dismiss for lack of prosecution on August 20, 2019, a copy of which was mailed to the Plaintiff. D.E. 23. On February 6, 2020, Defendant's counsel sent the Court a letter confirming that Plaintiff was served papers related to the motion to dismiss via regular mail and Federal Express. D.E. 24. Counsel attached a receipt from Federal Express demonstrating that the papers were delivered on August 21, 2019, and also confirmed that the mail was not returned as undeliverable. *Id.* at 1-2. On February 7, 2020, the Court ordered Plaintiff to show cause in writing, on or before February 24, 2020, as to why his Complaint should not be dismissed for lack of prosecution. D.E. 25. A copy of the Order was sent to Plaintiff via certified mail return receipt in addition to regular mail. *Id.* Plaintiff did not respond to the Court's Order.

## II. LAW AND ANALYSIS

"The sanction of dismissal is an available tool within the district court's discretion to regulate its docket." *Khan v. Guardian Life Ins. Co. of Am.*, No. 16-253, 2017 U.S. Dist. LEXIS 122318, at *3 (D.N.J. Aug. 2, 2017). Federal Rule of Procedure 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). However, dismissal is warranted only in extreme cases. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867 (3d Cir. 1984). If a court is considering dismissing a case pursuant to Rule 41(b), it must apply the six-factor *Poulis* test to determine whether dismissal is warranted. *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). The *Poulis* factors areas follows:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the party's actions or inaction; (3) a *history* of dilatoriness; (4) whether the conduct of the party was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

747 F.2d at 868 (emphases in original).

While a court must consider and balance all six of the *Poulis* factors, it can dismiss a complaint even if all six are not satisfied. *U.S. v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The decision to dismiss "must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373. Dismissal is ultimately a matter of the district court's discretion. *Id.* The Court addresses each *Poulis* factor in turn.

### A. Extent of the Party's Responsibility

The first *Poulis* factor requires this Court to examine the extent of the party's responsibility in failing to prosecute. "Personal responsibility refers to whether the misconduct that occurred is

4

attributable to the party or to the party's attorney." *Wortman v. Brown*, No. 05-1411, 2006 U.S. Dist. LEXIS 21222, *8 (D.N.J. Apr. 18, 2006). When acting *pro se*, the party is considered personally responsible for his or her actions. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992); *Hoffman v. Palace Entm't*, 621 F. App'x 112, 114 (3d Cir. 2015) (weighing factor in favor of dismissal where *pro se* plaintiff did not respond to court orders or discovery requests).

Here, following the withdrawal of his attorney, Plaintiff has been proceeding *pro se*. He is therefore solely responsible for his failure to communicate with the Defendant and the Court. Further, even while represented by counsel, it appears that the delays in responding to discovery requests were due to Plaintiff's own unresponsiveness and inaction. Plaintiff's lack of communication with his own counsel is what led counsel to withdraw as his attorney. Plaintiff has still not provided any explanation for why he failed to provide the requested information on time nor has he responded to this Court's order to show cause. Accordingly, this factor weighs in favor of dismissal.

### B. Prejudice to Other Parties

The second *Poulis* factor requires the Court to consider the prejudice to Defendant as a result of Plaintiff's failure to engage in discovery. Prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Adams v. Tr. of N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Prejudice can also be "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). The Third Circuit has expressed that "[e]vidence of prejudice to an

adversary 'would bear substantial weight in support of a dismissal or default judgment.'" *Adams*, 29 F.3d at 873-74 (quoting *Scarborough*, 747 F.2d at 876). In *Emerson v. Thiel College*, the Third Circuit upheld the district court's grant of the defendant's motion to dismiss in part because plaintiff's failure to prosecute and follow court orders were "inherently prejudicial" to the defendant. 296 F.3d 184, 190-91 (3d Cir. 2002); *see also Opta Sys., LLC v. Daewoo Elec. Am.*, 483 F. Supp. 2d 400, 405 (D.N.J. 2007) (finding that plaintiff's failure to communicate with the court or the defendants since its attorney's withdrawal and subsequent failure to retain counsel prejudiced the defendant); *Khan*, 2017 U.S. Dist. LEXIS 122318, at *5 (finding the plaintiff's failure to communicate with the defendant and the court unfairly prejudiced the defendant).

Here, Defendant is prejudiced because it has not received any of the discovery or other information requested from Plaintiff. This leaves Defendant incapable of investigating Plaintiff's claims, preparing its defenses and litigation strategy, or preparing fully and effectively for the case. Plaintiff's delays have led to minimal activity in the case for months. Therefore, the second *Poulis* factor weighs in Defendant's favor.

### C. History of Dilatoriness

The third *Poulis* factor requires the Court to look at the extent and history of Plaintiff's dilatoriness. "Extensive or repeated delays or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories or consistent tardiness in complying with court orders." *Adams*, 29 F.3d at 874. In *Poulis*, the Third Circuit noted that plaintiff's counsel did not just fail to comply in a timely manner on one occasion, but rather exhibited "a pattern of dilatoriness." 747 F.2d at 868. A failure to respond to court orders demonstrates a pattern of dilatory conduct. *Opta Sys.*, 483 F. Supp. 2d at 405.

6

Here, Plaintiff has not taken any action as to his case since the discovery responses were due on March 18, 2019. D.E. 23-1 at 2. Plaintiff has not provided any discovery responses despite multiple requests from Defendant's counsel. *Id.* at 10. When represented by counsel, Plaintiff's attorney requested more time to respond on several occasions. After Judge Dickson granted Plaintiff's counsel's motion to withdraw on July 8, 2019, Plaintiff neither obtained new counsel nor responded to any of Defendant's requests. The Plaintiff also failed to respond to the Court's order to show cause. This is clearly a pattern of dilatory conduct. This factor leans in favor of dismissal.

### D. Willfulness & Bad Faith Conduct

The fourth *Poulis* factor requires the Court to determine whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. However, "'negligent behavior' or 'failure to move with dispatch' — even if 'inexcusable' — will not suffice to establish willfulness or bad faith." *Chiarulli v. Taylor*, No. 08-4400, 2010 U.S. Dist. LEXIS 32618, at *10 (D.N.J. Mar. 31, 2010) (quoting *Adams*, 29 F.3d at 875). If the record is unclear as to whether a party acted in bad faith, "a consistent failure to obey orders of the court" can support a finding that a party's actions are willful. *Hunt-Ruble v. Lord, Worrell & Richter, Inc.*, No. 10-4520, 2012 U.S. Dist. LEXIS 84753, at *14 (D.N.J. May 25, 2012). For example, in *Hester v. Advanced Call Center Technologies*, the district judge found that the plaintiff's "record of noncompliance" over four months with the court's orders and the defendant's requests demonstrated that plaintiff willfully failed to comply and had chosen not to pursue the claims. No. 15-1766, 2016 U.S. Dist. LEXIS 55961, at *8 (D.N.J. Mar. 10, 2016).

Plaintiff has failed to follow the Court's orders. He failed to appear at the July 2, 2019 hearing to address the motion to withdraw, and he failed to respond to the order to show cause

why this case should not be dismissed. Plaintiff has offered no explanation for these failures. Plaintiff's silence in the face of the Court's orders allows an inference of willfulness. Therefore, the fourth *Poulis* factor weighs in Defendant's favor.

### E. Alternative Sanctions

The fifth *Poulis* factor requires the Court to consider alternative sanctions instead of dismissal. Alternative sanctions include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n. 6 (3d Cir. 1982). In some cases, alternatives may be preferable to dismissal. For example, in *Poulis*, the Third Circuit ordered that court fees be directly imposed on counsel because that was "[t]he most direct and therefore preferable sanction for the pattern of attorney delay." 747 F.2d at 869. Another court found that the appropriate sanction for the defendant's failure to comply with a court order and defend against the plaintiff's complaint was striking its answer. *Hunt-Rubble*, 2012 U.S. Dist. LEXIS 84753, at *16. But when the plaintiff appears unwilling to proceed with the litigation, alternative sanctions are ineffective. *See Hayes v. Nestor*, No. 09-6092, 2013 U.S. Dist. LEXIS 130259, at *14 (D.N.J. Sept. 12, 2013) ("Based on Plaintiff's continued non-compliance with court orders, repeated failure to participate in discovery, and failure to respond to Defendant's motions to dismiss, the Court concludes that Plaintiff has no intention of continuing to litigate this case. Therefore, the Court finds that alternative sanctions would have no effect on Plaintiff's compliance with court orders, her discovery obligations, or her interest in litigating this case.").

Here, sanctions other than dismissal would not be effective. The delays are a result of Plaintiff's conduct alone, and his attorney has already withdrawn. Plaintiff appears uninterested in pursuing his claims. Since Plaintiff has continuously disregarded Defendant's requests and the

8

Court's orders, the only sufficient sanction is dismissal. Therefore, the fifth *Poulis* factor weighs in favor of Defendant.

### F. Merits of the Claim

The final *Poulis* factor demands the Court to consider whether the claim or defense appears to be meritorious. "A claim or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis*, 747 F.2d at 869-70. "[T]he existence of a *prima facie* defense is a factor to be weighed along with the foregoing factors." *Id.* at 870. However, the Third Circuit, in *Hoffman*, expressed that a plaintiff's meritorious claim will not override a finding that the other factors lean in favor of dismissal. 621 F. App'x at 116. If the other factors favor dismissal, this factor will not prevent it. *See Opta Sys.*, 483 F. Supp. 2d at 405 ("[T]he inclusion of this factor is largely neutral and does not change the Court's conclusion that the balance of the *Poulis* factors supports dismissal of this action); *see also McEwen v. Mercer Cty. Correction Ctr.*, 05-2566, 2007 U.S. Dist. LEXIS 102507, at *11 (D.N.J. Apr. 5, 2007) (adopting a report and recommendation dismissing the claim, even while assuming the claim had merit).

Plaintiff argues Defendant violated the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and the New Jersey Family Leave Act, N.J.S.A. 34:11B-1, *et seq.*, when he was terminated on or about January 22, 2018. Compl. at ¶¶ 1, 18. Defendant has responded that, on the contrary, Plaintiff was granted leave under the act, but was terminated after he failed to report to work following the expiration of his time off. Def. Br. at 13. This defense seems reasonable. Plaintiff has not rebutted it, nor has he advanced any arguments in his favor beyond the Complaint. More importantly, given that the other five factors weigh in favor of dismissal, this factor is at most considered "neutral" and will not prevent dismissal.

In sum, each of the *Poulis* factors, save one weigh in favor of dismissal. The one factor, however, is at best neutral. The Court finds that Defendant's motion should be granted.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (D.E. 23) is **GRANTED**. Because dismissal with prejudice is a drastic remedy, this case is dismissed *without prejudice*. Plaintiff shall have thirty days from the date of this Opinion, to show cause why the matter should not be dismissed *with prejudice*. If Plaintiff fails to respond within that time, this case will be dismissed *with prejudice*. An appropriate Order accompanies this Opinion.

Dated: March 12, 2020

                                                    John Michael Vazquez, U.S.D.J.